IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC TORRES, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. CCB-21-1429 |
| NEXUS-WOODBOURNE FAMILY HEALING, | * |
| | * |
| Defendant. | |
| | * |

***

## **MEMORANDUM OPINION**

Plaintiff Eric Torres filed a complaint together with a motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. Based on the information provided in plaintiff's motion, he appears to be indigent, so the motion will be granted. For reasons stated below, the complaint will be dismissed.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff states that the defendant corporation, Nexus-Woodbourne Family Healing, terminated his employment on December 22, 2020. He alleges "Defamation of Character" stating that the defendant told "unemployment" that he was discharged for abuse and neglect to a youth based on a falsified document. ECF No. 1 at 5, 6. Plaintiff states that defendant violated his civil rights and he is now unable to get work because of the falsified document.

The court must examine whether federal jurisdiction permits adjudication of these claims. "A court is to presume . . . , that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper," *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)), and the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010).

Plaintiff states that the basis for jurisdiction is diversity of citizenship. ECF No. 1 at 4. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship, most frequently, when they are citizens of different states, and the amount in controversy exceeds $75,000. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Plaintiff has provided a Maryland address for both himself and the defendant, and states that the defendant's principal place of business is in the state of Maryland. He does not indicate that the events complained of took place outside the state of Maryland. Thus, the complaint does not establish that this court has diversity jurisdiction as both the plaintiff and the defendant appear to be citizens of the same state.

Next, the court reviews the complaint to determine if there is federal subject matter jurisdiction. Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *Allapattah*, 545 U.S. at 552.  Further, under 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Section 1367 does not create an independent basis for jurisdiction; rather, it allows a court to exercise supplemental jurisdiction over state law claims only where the Complaint also pleads related federal claims.

Plaintiff is seeking to hold his former employer, a corporation, responsible for defamation. Although plaintiff states his civil rights have been violated, he does not provide any allegations that would support a civil rights violation.  The sole claim raised by plaintiff is one for defamation under Maryland law which he may pursue in the Maryland state courts.  *See*, *e.g.*, *Jacron Sales Co., Inc. v. Sindorf*, 350 A.2d 688 (Md. 1976).  The allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

The federal rules require dismissal anytime there is a determination there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Dismissal is appropriate here, given the lack of federal jurisdiction.

Accordingly, the motion for leave to proceed in forma pauperis will be granted and the complaint will be dismissed.  A separate Order follows.

Date: 7/20/2021                                /S/
                                                                               Catherine C. Blake
                                                                               United States District Judge